LEWIS L. CLARKE, MARY C. CASE, E STANLEY CLARKE, JULIETTE P. CLARKE, ALICE C. REDFIELD, CORINNE I. AND DUMONT CLARKE, JR.

*v.*

STATE OF ILLINOIS.

*Opinion filed October 2, 1916.*

1. INHERITANCE TAX—*facts held sufficient to authorize recovery.* In this claim by reason of the interests of claimants having been determined, the trust created having terminated, awards are accordingly made.

2. INTEREST—*when allowed.* The right to recover in this case is based upon section 25 of the inheritance tax law, and since claimants are entitled to recover, interest will be allowed.

Gardner, Carton and Thomson, for Claimants.

P. J. Lucey, Attorney General and Arthur R. Roy, Assistant Attorney General, for State.

Claimants are devisees and legatees of Dumont Clarke, deceased, who died testate on December 26, 1909.

By the decedent's will a trust estate was created, claimants being beneficiaries.

An inheritance tax appraiser was appointed to appraise decedent's estate by the County Court of Cook County, and on February 7, 1911, an order fixing the inheritance tax was made by the County Judge. This order determined the value of decedent's estate to be $132,273.75, and the tax was levied in equal shares among four of the children under the proviso of section 25 of the inheritance tax law.

The tax was figured on the basis that Corinne I. Clark, Alice C. Redfield, Mary C. Case and Lewis L. Clarke, would each take one-fourth of the property or $33,068.43. After the deduction of the statutory exemption of $20,000.00 in each case the taxable cash value was ascertained to be $13,068.43 and on a tax rate of one per cent each was assessed $130.68, and the total paid, was therefore $522.72. The tax was paid after six months had elapsed after the death of the testator and interest was paid on the tax, but as claimants admit, this interest was a penalty for which there could be no recovery.

The trust terminated on December 26, 1914, by its own limitations and thereupon the interest of claimants here became fixed.

Claimants now claim a refund under the proviso of section 25 of the inheritance tax law for the difference between the amount paid and the amount which each should pay, their respective interests having been determined.

On this theory Lewis L. Clarke, Mary C. Case, Corinne I. Clarke, Alice C. Redfield and Dumont Clarke should each have paid one-sixth

of the total tax or $87.12 and E. Stanley Clarke and Juliette F. Clarke should each have paid one-twelfth or $43.56.

Lewis L. Clarke, Mary C. Case, Corinne I. Clark, Alice C. Redfield and Dumont Clarke each inherited property of the value of $22,045.62, the values being based upon the values as appraised by the inheritance tax appraiser, deducting from each of these interests the statutory exemption of $20,000.00, and leaving value of $2,045.62, the tax upon which at the rate of one per cent would be $20.45. The interests of Juliette F. Clarke and E. Stanley Clarke are each worth less than $20,-000.00, hence there would be no tax. The tax which all together should have paid would therefore amount to $102.25. Claimants therefore are entitled to a return of taxes overpaid as follows: To Lewis L. Clarke, Mary C. Case, Corinne I. Clarke, Alice C. Redfield and Dumont Clarke, Jr., to each the sum of $66.67, and to E. Stanley Clarke and Juliette F. Clarke, to each the sum of $43.56, or a total of $420.47. To this should be added three per cent interest from February 7, 1911.

It is accordingly the judgment of this Court that Lewis L. Clarke, Mary C. Case, Corinne I. Clarke, Alice C. Redfield and Dumont Clarke are each awarded the sum of $66.67, and E. Stanley Clarke and Juliette F. Clarke, the sum of $43.56, together with interest thereon at the rate of three per cent per annum from February 7, 1911.